UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 1 0 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| IN THE MATTER OF DEERE CREDIT, * | C. A. NO. B-02-125 |
| INC. (FORMERLY SENSTAR FINANCE * | (Subject to Rule 9(h) |
| COMPANY), AS OWNER OF * | of the Federal Rules |
| THE BARGE NM-315, and STATE * | of Civil Procedure) |
| STREET BANK AND TRUST COMPANY * | Admiralty |
| OF CONNECTICUT, NATIONAL * | |
| ASSOCIATION, AS OWNER TRUSTEE * | |
| OF THE BARGE ACL-9933B AND NOT * | |
| IN ITS INDIVIDUAL CAPACITY, and * | |
| GENERAL ELECTRIC CAPITAL * | |
| CORPORATION, AS BENEFICIAL * | |
| OWNER OF THE BARGE ACL-9933B, * | |
| PRAYING FOR EXONERATION FROM * | |
| AND/OR LIMITATION OF LIABILITY * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT FOR EXONERATION FROM
## AND/OR LIMITATION OF LIABILITY

The Complaint of Deere Credit, Inc. (formerly Senstar Finance Company) ("Deere"), as owner of the Barge NM-315, and State Street Bank and Trust Company of Connecticut, National Association, as Owner Trustee of the Barge ACL-9933B, and not in its individual capacity ("Owner Trustee"), and General Electric Capital Corporation, as beneficial owner ("GE Capital") of the Barge ACL-9933B, (hereafter, Owner Trustee, and GE Capital are sometimes referred to as "Petitioners" and the aforesaid barges as "the Barges") in a cause of exoneration from or limitation of liability, civil and maritime, under Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for

{N0834170.1}

Admiralty and Maritime Claims, as well as 46 U.S.C. §181 et seq., alleges on information and belief as follows:

### I.

At all material times, Deere Credit, Inc., (formerly Senstar Finance Company) was and is a corporation, organized and existing pursuant to the laws of the State of Delaware, having a place of business in Pittsburgh, Pennsylvania. At all material times, Deere Credit, Inc. was the registered owner of the Barge NM-315. Pursuant to a certain bareboat charter agreement dated as of December 29, 1989 between American Commercial Barge Line LLC and Deere, Deere bareboat chartered the Barge NM-315 to American Commercial Barge Line Company LLC.

### II.

At all material times, State Street Bank and Trust Company of Connecticut, National Association, was and is a national banking association organized and existing pursuant to the laws of the United States and having its principal place of business in Hartford, Connecticut. At all material times, State Street Bank and Trust Company of Connecticut, National Association, was the Owner Trustee, and GE Capital was the beneficial owner of the Barge ACL-9933B pursuant to a Trust Agreement dated as of July 1, 1999 ("Trust Agreement). State Street Bank and Trust Company of Connecticut, National Association, appears in these proceedings solely as the owner trustee, and GE Capital appears in these proceedings solely as the beneficial owner of Barge ACL-9933B. Pursuant to a certain bareboat charter agreement dated as of July 1, 1999 between American Commercial Barge Line LLC (hereafter "ACBL") and the Owner Trustee, the Owner Trustee bareboat chartered the Barge ACL-9933B to American Commercial Barge Line LLC.

{N0834170.1}

III.

The operator and owner *pro hac vice* of said Barges, at all material times was American Commercial Barge Line LLC, who has initiated separate exoneration/limitation proceeding before this Court on January 11, 2002 in Civil Action No. B-02-004 (Admiralty), consolidated with Civil Action No. B-01-157 (Admiralty), pending before the Honorable Hilda G. Tagle.

IV.

The Barges NM-315 and ACL-9933B are, and at all material times were, dumb, unmanned, typical inland cargo hopper barges.

V.

State Street Bank and Trust Company of Connecticut, National Association, as Owner Trustee of the Barge ACL-9933B, and General Electric Capital Corporation, as beneficial owner of the Barge ACL-9933B, had no dominion or control over the Barge ACL-9933B. Deere as the owner of the Barge NM-315 had no dominion or control over the Barge NM-315. ACBL used due diligence to make the Barges tight, strong, staunch and seaworthy and, to Petitioners' knowledge, they were, prior to the described casualty, tight, strong, properly equipped, and, in all respects, seaworthy and fit for the services in which they were engaged.

VI.

Upon information and belief, on or about September 15, 2001, the M/V BROWN WATER V, owned by Brown Water Marine Service, Inc. ("Brown Water"), had the Barges in tow pursuant to a verbal towage agreement between Brown Water and ACBL. The towage commenced on or about September 14, 2001 and terminated on or about September 15, 2001. Petitioners and ACBL had no employees or representatives aboard either the Barges or the M/V BROWN WATER V, and the Barges were under the sole care, custody, and control of

Brown Water and the captain and crew of the M/V BROWN WATER V, who were solely responsible for the Barges' safe navigation.

## VII.

Upon information and belief, on or about September 15, 2001, the M/V BROWN WATER V pushed its tow of barges into the Port Isabel Causeway causing damage to the Causeway and resulted in personal injury, death, and property damage, as well as other possible damages.

## VIII.

The accident was not due to any fault, neglect, or want of due care on the part of Petitioners nor ACBL nor of the Barges, nor anyone for whom Petitioners or ACBL may be responsible.

## IX.

Petitioners deny that they and/or the Barges are liable to any extent for any claims arising out of the aforesaid accident and claim exoneration from all losses occasioned or incurred by reason of or resulting from the aforementioned accident. Alternatively, if the Court should adjudge any Petitioner liable to any extent, each avers that the casualty occurred without any privity or knowledge, and claim the benefit of limitation of liability as provided in Sections 181 through 189, inclusive, of Title 46 of the United States Code, and of the various statutes supplementary thereto and amendatory thereof and of any and all other applicable law and jurisprudence, including Rule F of the Supplemental Rules of Admiralty and Maritime Claims of the Federal Rules of Civil Procedure. Petitioners Owner Trustee and GE Capital aver further that in addition to being entitled to the benefits of the exoneration/limitation of liability under the laws cited above, the Owner Trustee and GE Capital are entitled to the limitation of liability as provided under the Trust Agreement and applicable common law, any such liability being

limited to the value of the property held in trust by the Owner Trustee pursuant to the Trust Agreement.

### X.

As per the attached Affidavit of Duane Krohn, on September 15, 2001, the Barge NM-315 had a value of $110,000.00 and the Barge ACL-9933B had a value of $275,000.00. On that date, the Barge NM-315 had pending freight of $27,797.00, and the Barge ACL-9933B had pending freight of $31,179.00.

### XI.

Petitioners show if they should be held liable in any degree to any party, which is denied, then their liability should be limited to and not exceed the amount of the value of their interest in the Barges and their pending freight, namely a sum not to exceed $443,976.00, with interest at 6% per annum and for all costs for payment of Petitioners' interest, as aforesaid, into this Court.

### XII.

Petitioners are also prepared, with respect to security and due appraisal, to comply with the provisions of Rule F(1) and (7) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, when and if the Court should so order. Petitioners specifically reserve the right to apply to this Court to reduce the amount of the limitation fund in accordance with any final valuation and applicable law and statute.

### XIII.

The tender of the value of the Barges herein is also without prejudice, and with full reservation of rights, to assert and claim tonnage limitations of liability allowed under any laws and regulations applicable to the casualty.

### XIV.

To date, these Petitioners have not received any written notice of claim from any party for the incident described above, but Petitioners believe there may

be claims that may be made against them and/or the Barges. Petitioners aver that the potential amounts which may be claimed may exceed the value of Petitioners' respective interest in the Barges.

## XV.

To Petitioners' knowledge, no suits have been commenced to date against them for any losses or damages occasioned by or in any manner consequent upon the aforesaid accident.

## XVI.

Petitioners show that a Letter of Undertaking in the usual form, in the amount or value of Petitioners' interest in the Barges and their pending freight, has been previously delivered and accepted by the Court as security for the barges, together with the appropriate interest from the date of the letter and costs, and are prepared to give an ad interim stipulation with sufficient surety whenever the same shall be ordered as provided in the applicable statutes and Rule F of the Supplemental Rules of Civil Procedure and the Rules and Practices of this Honorable Court and subject to such appraisal as the Court may direct.

## XVII.

Petitioners hereby offer the attached Letter of Undertaking in the full amount of the value of the Barges and their pending freight, together with interest at the rate of 6% per annum from the date of the Letter of Undertaking and for costs. Said Letter of Undertaking being to secure the payment into Court whenever the Court shall so order, of the aggregate amount of the value of Petitioners' interest in the Barges and their pending freight. Said Letter of Undertaking is not to be construed as providing additional or double security for the Barges NM-315 and ACL-9933B.

## XVIII.

All and singular, the premises are true and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court.

WHEREFORE, Petitioners pray that:

1. That this Court issue an Order approving the Ad Interim Stipulation as to the value of the Barges secured by the Letter of Undertaking in the amount of the value of the Barges and their pending freight as of September 15, 2001, in addition to costs of court and interest at the rate of 6% per annum, and that the Court order such increases and decreases in such stipulation as the Court may, from time to time, deem proper; and

2. That this Court make an order directing the issuance of a Monition to all persons, firms, or corporations who might have any claim arising out of the incident in question, citing them to file their claims with the Clerk of this Court and to serve a copy of said claims upon the attorneys for Petitioners on or before the time fixed by the Court in the Monition, or be forever barred and permanently enjoined for making and filing such claims, to make due proof of their respective claims thereafter, and also to appear and answer the allegations of this Petition according to the law and rules and practices of this Court at or before a certain time to be fixed by the Monition; and

3. That the Court issue an injunction restraining the prosecution of all suits, actions and proceedings already begun to recover for damages sustained, arising out of, or resulting from the occurrence hereinabove described and restraining the commencement and prosecution hereafter of any suit, action, or

legal proceedings of any nature or description whatsoever, except in the present proceedings, against the Petitioners, the Barges, or their agents or representatives, or their insurers, or any other person whatsoever for whom the Petitioners may be responsible with respect to any claim arising out of the aforesaid accident of September 15, 2001; and

4. That the Court in this proceeding find that Petitioners and the Barges are not liable to any extent whatsoever, for damage of any kind arising out of the matter aforesaid, and that they be exonerated from any and all liability that has or may be claimed against them as a result of the accident of September 15, 2001. Alternatively, if the Petitioners shall be adjudged liable, then such liability be limited to the amount of the value of Petitioners' interest in the Barges and their pending freight immediately after the incident of September 15, 2001 and that the money paid or secured to be paid as aforesaid be divided pro-rata among such claimants as they may duly prove their claims before this Court saving to all parties any priorities to which they be legally entitled, and that a decree may be entered discharging Petitioners from any further liabilities; and

5. That Petitioners have such other and further relief as justice may require, including the right to supplement and amend these proceedings, in order to achieve justice.

Respectfully submitted:

_____  
Les Cassidy  
Attorney-in-Charge for Petitioner  
State Bar Number: 03979270  
Federal Identification: 5931  
WOOLSEY & CASSIDY, P.C.  
1020 Bank of America  
500 N. Water Street  
Corpus Christi, Texas 78471  
Telephone: (361) 887-2965  
Fax: (361) 887-6521  


**OF COUNSEL:**

**WOOLSEY & CASSIDY, P.C.**  
1020 Bank of America  
500 North Water Street  
Corpus Christi, Texas 78471  
Telephone: (361) 887-2965  
Fax: (361) 887-6521  


OF COUNSEL:

GLENN G. GOODIER  
Jones, Walker, Waechter, Poitevent,  
Carrere & Denegre, L.L.P.  
201 St. Charles Avenue - 48th Floor  
New Orleans, Louisiana 70170-5100  
Telephone: (504) 582-8174

State of Indiana

County of Clark

### AFFIDAVIT OF VALUE AND PENDING FREIGHT

BEFORE ME the undersigned authority, personally came and appeared:

DUANE KROHN

Who, after, being duly sworn, did depose and say:

I am employed by American Commercial Barge Lines LLC as a senior risk manager and as such have sufficient information to give this affidavit.

I consulted an expert in marine surveying and vessel valuation to give his opinion as to the value of the NM 315 and ACL 9933B on September 15, 2001. The value placed on each barge was as follows:

| NM 315 | $110,000.00 |
| ACL 9933B | $275,000.00 |

The freight pending on each barge on September 15, 2001 was as follows:

| NM 315 | $27,797.00 |
| ACL 9933B | $31,179.00 |

_Duane Krohn_
DUANE KROHN

SWORN TO AND SUBSCRIBED BEFORE ME
ON THIS ___6th___ DAY OF JUNE, 2002.

_Karen R Welsh_

KAREN R WELSH
NOTARY PUBLIC STATE OF INDIANA
CLARK COUNTY
MY COMMISSION EXP. DEC. 12, 2007

{N0835007.1}

## VERIFICATION

COMMONWEALTH OF MASSACHUSETTS
COUNTY OF SUFFOLK

BEFORE ME, the undersigned authority, personally came and appeared: BRIAN J. CURTIS
who, after being duly sworn, did state:

1. That he is AN Assistant Vice President for State Street Bank and Trust Company of Connecticut, National Association, as Owner Trustee as aforesaid; and

2. That he has read the foregoing Complaint and the same is true and correct to the best of his knowledge, information and belief.

_____
BRIAN J. CURTIS

SWORN TO AND SUBSCRIBED
BEFORE ME THIS 6TH DAY
OF JUNE, 2002.

_____
NOTARY PUBLIC
My Commission Expires:

CECIL A. GILBERT
Notary Public
My Commission Expires July 12, 2002

CTDOCS:1500145.1

## **VERIFICATION**

STATE OF CONNECTICUT

COUNTY OF FAIRFIELD

BEFORE ME, the undersigned authority, personally came and appeared Richard T. Sturgeon who, after being duly sworn, did state:

1. That he is Manager – Operations for General Electric Capital Corporation; and

2. That he has read the foregoing Complaint and the information contained therein insofar as such information relates to General Electric Capital Corporation and the Barge ACL-9933B is true and correct to the best of his knowledge, information and belief.

_____
Richard T. Sturgeon

SWORN TO AND SUBSCRIBED
BEFORE ME THIS 7th DAY OF
JUNE, 2002.

_____
NOTARY PUBLIC

DOREEN WRIGHT-DAVIS
*NOTARY PUBLIC*
MY COMMISSION EXPIRES JULY 31, 2005

1915783.02

## VERIFICATION

COMMONWEALTH OF PENNSYLVANIA

COUNTY OF ALLEGHENY

   BEFORE ME, the undersigned authority, personally came and appeared:

   Lawrence G. Hofmann, Jr.

who, after being duly sworn, did state:

   1.   That he is a Senior Vice President for Deere Credit, Inc., formerly Senstar Finance Company; and

   2.   That he has read the foregoing Complaint and the same are true and correct to the best of his knowledge, information and belief.

_[signature]_

SWORN TO AND SUBSCRIBED
BEFORE ME THIS 7th DAY
OF JUNE, 2002.

_[signature]_
NOTARY PUBLIC

> Notarial Seal
> Marlene W. Shook, Notary Public
> Pittsburgh, Allegheny County
> My Commission Expires Apr. 27, 2004
>
> Member, Pennsylvania Association of Notaries

{N0834170.1}                                        10