United States District Court
Southern District of Texas
FILED

JUN 1 0 2002

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF DEERE CREDIT, INC. (FORMERLY SENSTAR FINANCE COMPANY), AS OWNER OF THE BARGE NM-315, and STATE STREET BANK AND TRUST COMPANY OF CONNECTICUT, NATIONAL ASSOCIATION, AS OWNER TRUSTEE OF THE BARGE ACL-9933B AND NOT IN ITS INDIVIDUAL CAPACITY, and GENERAL ELECTRIC CAPITAL CORPORATION, AS BENEFICIAL OWNER OF THE BARGE ACL-9933B, PRAYING FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY | * * * * * * * * * * * * * * | C. A. NO. B-02-125 (Subject to Rule 9(h) of the Federal Rules of Civil Procedure) Admiralty |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## LETTER OF UNDERTAKING

On or about September 15, 2001, the M/V BROWN WATER V was in navigable waters in or near Port Isabel, Texas. The voyage commenced on or about September 14, 2001 and terminated on or about September 15, 2001. At that time, the M/V BROWN WATER V, had in its tow the Barges NM-315, VLB-9182, ACL-9933B, and VLB-9173. During the voyage, the tug and its tow collided with the Port Isabela Causeway. As a result of this incident, persons may file or cause to be filed, actions under the laws of the United States, general maritime law, or the laws of the State of Texas for damages resulting from the above incident.

For Deere Credit, Inc. (formerly Senstar Finance Company), as owner of the Barge NM-315, and State Street Bank and Trust Company of Connecticut, National Association, as owner trustee and not in its individual capacity, and General Electric

{N0835352.1}

Capital Corporation, as beneficial owner of the Barge ACL-9933B, (collectively referred to as "the Petitioners"), to file an action for exoneration from or limitation of liability, as required by 46 U.S.C. § 181, *et seq.*, the undersigned Zurich-American Insurance Group hereby agrees to the following undertaking:

1. To file an action by Deere Credit, Inc. (formerly Senstar Finance Company), as owner of the Barge NM-315, and State Street Bank and Trust Company of Connecticut, National Association, as owner trustee of the Barge ACL-9933B and not in its individual capacity, and General Electric Capital Corporation, as beneficial owner of the Barge ACL-9933B, seeking exoneration from or limitation of liability in the United States District Court for the Southern District of Texas, Brownsville Division, Texas.

2. In the event a final decree (after appeal, if any) may be entered in favor of any claimant in the action described in paragraph 1, then the undersigned party agrees to pay and satisfy up to (and not exceeding) the sum of FOUR HUNDRED AND FORTY-THREE THOUSAND, NINE HUNDRED AND SEVENTY-SIX AND NO/100 DOLLARS ($443,976.00) with interest at 6%, court costs, and any said final decree after appeals, if any, decreed by the Court or settled between the parties, where said settlement has been made with the approval of the undersigned party, without any final decree being rendered.

3. Upon demand to cause to be filed in said action, a bond with an approved corporate surety in the amount of FOUR HUNDRED AND FORTY-THREE THOUSAND NINE HUNDRED AND SEVENTY-SIX AND NO/100 DOLLARS ($443,976.00) with interest of 6% to satisfy all statutory requirements in said action described in paragraph 1. above. In the event that the bond referred to in this paragraph is filed, the

{N0835352.1}

        undersigned party shall have no further obligation under this Letter of Undertaking.

4.   This letter is to be binding whether the Barges are lost or not lost, in port or not in port, and is given without prejudice to all rights or defenses which Deere Credit, Inc. (formerly Senstar Finance Company), as owner of the Barge NM-315, and State Street Bank and Trust Company of Connecticut, National Association, as owner trustee of the Barge ACL-9933B, and not in its individual capacity, and General Electric Capital Corporation, as beneficial owner of the Barge ACL-9933B, or others at interest may have, none of which is to be regarded as waived.

5.   The foregoing Letter of Undertaking is not to be considered or construed as providing additional or double security for the Barges NM-315 and ACL-9933B to the security provided in Letter of Undertaking dated January 8, 2002 previously provided, copy attached as Exhibit 1, but is intended to provide security for the Barges involved in the exoneration/limitation action filed on behalf of Deere Credit, Inc. (formerly Senstar Finance Company), as owner of the Barge NM-315, and State Street Bank and Trust Company of Connecticut, National Association, as owner trustee of the Barge ACL-9933B, and not in its individual capacity, and General Electric Capital Corporation, as beneficial owner of the Barge ACL-9933B.

6. It is understood and agreed that the execution of this letter by Glenn G. Goodier as Attorney-in-Fact on behalf of the undersigned party shall not be construed as binding upon him personally, but is binding only upon Zurich-American Insurance Group.

Dated this __6th__ day of June 2002.

           Very truly yours,

         By: _____
           Glenn G. Goodier
           As Attorney-in-Fact for Zurich-American Insurance Group
           (as per Authority Granted on June 6, 2002)

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF AMERICAN | * | C. A. NO. |
| COMMERCIAL LINES LLC AS OWNER | * | (Subject to Rule 9(h) |
| and AMERICAN COMMERCIAL BARGE | * | of the Federal Rules |
| LINE LLC AS CHARTERER OF THE | * | of Civil Procedure) |
| BARGES NM-315, VLB-9182, ACL-9933B, | * | Admiralty |
| VLB-9173, PRAYING FOR | * | |
| EXONERATION FROM AND/OR | * | |
| LIMITATION OF LIABILITY | * | |

*****************************************

## LETTER OF UNDERTAKING

On or about September 15, 2001, the M/V BROWN WATER V was in navigable waters in or near Port Isabel, Texas. The voyage commenced on or about September 14, 2001 and terminated on or about September 15, 2001. At that time, the M/V BROWN WATER V, had in its tow the Barges NM-315, VLB-9182, ACL-9933B, and VLB-9173. During the voyage, the tug and its tow collided with the Port Isabela Causeway. As a result of this incident, persons may file or cause to be filed, actions under the laws of the United States, general maritime law, or the laws of the State of Texas for damages resulting from the above incident.

For American Commercial Lines LLC and American Commercial Barge Line LLC (collectively referred to as "the Petitioners"), to file an action for exoneration from or limitation of liability, as required by 46 U.S.C. §186, et seq., the undersigned Zurich-American Insurance Group hereby agrees to the following undertaking:

{N0768488.1}



1. To file an action by American Commercial Lines LLC and American Commercial Barge Line LLC as owner and bareboat charterer/operator respectively of the Barges NM-315, VLB-9182, ACL-9933B and VLB-9173, seeking exoneration from or limitation of liability in the United States District Court for the Southern District of Texas, Brownsville Division, Texas.

2. In the event a final decree (after appeal, if any) may be entered in favor of any claimant in the action described in paragraph 1, then the undersigned party agrees to pay and satisfy up to (and not exceeding) the sum of SEVEN HUNDRED EIGHTY-EIGHT THOUSAND, FOUR HUNDRED SEVENTY-NINE AND 00/100 DOLLARS ($788,479.00) with interest at 6%, court costs, and any said final decree after appeals, if any, decreed by the Court or settled between the parties, where said settlement has been made with the approval of the undersigned party, without any final decree being rendered.

3. Upon demand to cause to be filed in said action, a bond with an approved corporate surety in the amount of SEVEN HUNDRED EIGHTY-EIGHT THOUSAND, FOUR HUNDRED SEVENTY-NINE AND 00/100 DOLLARS ($788,479.00) with interest of 6% to satisfy all statutory requirements in said action described in paragraph 1. above. In the event that the bond referred to in this paragraph is filed, the undersigned party shall have no further obligation under this Letter of Undertaking.

4. This letter is to be binding whether the Barges are lost or not lost, in port or not in port, and is given without prejudice to all rights or

defenses which ACL or ACBL or others at interest may have, none of which is to be regarded as waived.

5. It is understood and agreed that the execution of this letter by Glenn G. Goodier as Attorney-in-Fact on behalf of the undersigned party shall not be construed as binding upon him personally, but is binding only upon Zurich-American Insurance Group.

Dated this 8th day of January, 2002

Very truly yours,

By: _____
Glenn G. Goodier
As Attorney-in-Fact for Zurich-American Insurance Group
(as per Authority Granted on January 8, 2002)