United States District Court
Southern District of Texas
FILED

JUN 1 0 2002

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF DEERE CREDIT, INC. (FORMERLY SENSTAR FINANCE COMPANY), AS OWNER OF THE BARGE NM-315, and STATE STREET BANK AND TRUST COMPANY OF CONNECTICUT, NATIONAL ASSOCIATION, AS OWNER TRUSTEE OF THE BARGE ACL-9933B AND NOT IN ITS INDIVIDUAL CAPACITY, AND GENERAL ELECTRIC CAPITAL CORPORATION, AS BENEFICIAL OWNER OF THE BARGE ACL-9933B, PRAYING FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY | * * * * * * * * * * * * * * * * * | C. A. NO. B-02-125<br>(Subject to Rule 9(h)<br>of the Federal Rules<br>of Civil Procedure)<br>Admiralty |

## PETITIONERS' MEMORANDUM OF LAW
## REGARDING LIMITATION OF LIABILITY

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

COME NOW Deere Credit Inc. (Formerly Senstar Finance Company), as Owner of the

Barge NM-315, and State Street Bank and Trust Company of Connecticut, National Association,

N0835613.1

as Owner Trustee of the Barge ACL-9933B and Not in its Individual Capacity, and General Electric Capital Corporation, as Beneficial Owner of the Barge ACL-9933B, (collectively referred to as "the Petitioners"), and file this their Memorandum of Law on the subject of Limitation of Liability under the Maritime Law for the benefit of the Court:

## I.

The incident involved in this matter is also the subject of Civil Action No. B-02-004 (Admiralty) and Civil Action No. B-01-157 (Admiralty), which are consolidated exoneration limitation proceedings pending before the Honorable Hilda G. Tagle. Petitioners seek various orders for this exoneration/limitation action in the same form as was previously approved by the Honorable Court in Civil Action B-02-004 (Admiralty) and respectfully submit the following Memorandum:

## II.

In 1851, Congress passed the Limitation of Liability Statute, 46 U.S.C. §181, et seq., with the intent "to encourage investment by exempting the investor from loss in excess of the fund he is willing to risk in the enterprise." Flink v. Paladini, et al., 279 U.S. 59, 49 S.Ct. 255 (1929). The original intent of Congress was for the Limitation of Liability Statute to be a piece of protective legislation for the American Merchant Marine. The Main v. Williams, 152 U.S. 122 (1894); Hartford Accident & Indemnity Co. v. Southern Pacific Co., 273 U.S. 207 (1927).

## III.

## **EFFECT OF THE LIMITATION OF LIABILITY STATUTE**

The Limitation of Liability Statute allows an owner to attempt to limit liability for damage or injury to the value of the vessel or the owner's interest in the vessel, if it is proven that the loss occurred without the privity or knowledge of the owner. 46 U.S.C. §183; Zapata Haynie Corp. v. Arthur, 980 F.2d 287 (5th Cir. 1992).

In addition, the statute requires that upon filing of an action by an owner for exoneration or limitation "all claims and proceedings against the owner with respect to the matter in question shall cease"; hence, all claims must be made in the limitation action. 46 U.S.C. §185. The Supplemental Rules of Admiralty and Maritime Claims and the Federal Rules of Civil Procedure require that "**[o]n application of the plaintiff, the court shall enjoin the further prosecution of any action or proceeding against the plaintiff or the plaintiff's property with respect to any claim subject to limitation in the action.**" Fed.R.Civ.P.Supp.R. F(3) (emphasis added).

The "concursus" of claims called for by the Limitation of Liability Statute compels all actions arising out of the casualty to be filed and disposed of in a single proceeding. British Transport Commission v. United States, 354 U.S. 129, 77 S.Ct. 1103 (1957). The District Court, sitting in admiralty without a jury, then determines if the owner should be exonerated, and, if not, whether the owner is entitled to limit liability to the value of the vessel, its pending freight, and any other amounts which are included in

the limitation fund. If the District Court determines that the owner is entitled to limit liability, then the District Court determines the liability of the owner and the damages of each claimant, allocating to all claimants pro-rata the limitation funds. Fed.R.Civ.P.Supp.R. F(8); see generally, Lewis v. Lewis & Clark Marine Inc., 531 U.S. 438, 121 S.Ct. 993, 1000-1002 (2001).

## IV.

## **PROCEDURE AND PRACTICE**

To institute the proceeding under the Limitation Act, the Complaint must be filed in the Federal District Court in the admiralty jurisdiction. Fed.R.Civ.P.Supp.R. F(2); Norwich & New York Transp. Co. v. Wright, 80 U.S. 104 (1871). As a condition to filing the Complaint, the Petitioner must also deposit with the court a sum equal to the value of the interest in the vessel and pending freight or appropriate substitute security for this amount. Rule F(1). Letters of Undertaking are generally accepted forms of security in admiralty cases. Panaconti Shipping Co. v. M/V YPAPANTI, 865 F.2d 705, 707-708 (5th Cir. 1989); In re A.&J. Towing, 1997 U.S. Dist. Lexis 7878 (E.D. La. 1997). If any claimant is concerned that the amount of security is insufficient, he may move for an increase and an appraisal of value of the petitioner's interest in the vessel and pending freight. The Court must then order an appraisal and may order an increase or reduction in the security, as necessary. Rule F(7); see Guey v. Gulf Ins. Co., 46 F.3d 478 (5th Cir. 1995); Complaint of Dammer & Vanderheide, 836 F.2d 750 (2d Cir. 1988).

Upon compliance with these conditions, the Court will issue an injunction to stay all proceedings against the Petitioner with respect to the incident in question. Rule F(3). 46 U.S.C. §185. Any action taken in other courts while the injunction is in effect is of no consequence. Beal v. Waltz, 309 F.2d 721 (5th Cir. 1962).

The issuance of the injunction against claims and proceedings outside of the limitation proceeding is mandatory:

> Rule F(3). Claims Against Owner; Injunction.
>
> **Upon compliance by the owner with the requirements of subdivision (1) of this rule, all claims and proceedings against the owner or the owner's property with respect to the matter in question shall cease. On application of the plaintiff, the court shall enjoin the further prosecution of any action or proceeding against the plaintiff or the plaintiff's property with respect to any claim subject to limitation in the action. Fed.R.Civ.P.Supp.R. 3. (Emphasis added.)**[1]

In addition, upon the Petitioners' compliance with the filing of an appropriate Complaint and security, the Court is required to issue a notice to all persons asserting claims, requiring them to file their claims with the Clerk of the Court within a deadline set forth in the notice. Rule F(4). This "monition" shall set a deadline not less than thirty (30) days after the issuance, and the deadline may be enlarged by the Court.

---

[1]/The normal procedures for injunctive relief do not apply in this maritime statutory proceeding. In re GUAM BEAR, 43 F.R.D. 283, 1968 A.M.C. 524 (N.D. Cal. 1967).

N0835613.1                              5

V.

**SUMMARY AND CONCLUSION**

The Petitioners having filed a Complaint pursuant to Rule F(2) and appropriate security pursuant to Rule F(1), the Court is now required to issue its order enjoining all claims and proceedings other than those asserted in this limitation proceeding (the "concursus") Rule F(3). In addition, the Court is required to issue a notice (the "monition") to all persons asserting claims or who may be asserting claims establishing a deadline for the filing of such claims in this proceeding. Rule F(4).

In the trial of the limitation proceeding, the burden of proof is divided between the parties and there is a two step analysis. Schoenbaum, Admiralty and Maritime Law, 3d Ed., Section 15-5. First, the Claimants must prove that the destruction or loss was caused by the negligence or unseaworthiness of the vessel. Second, the burden then shifts to the shipowner to demonstrate that there was no privity of knowledge, design or neglect on his part, as required by the statute. Id., p. 344. However, this determination is made at the trial of the cause after an opportunity has been given for claims to be asserted and the parties to engage in discovery.

Respectfully submitted,

*Leslie D. Cassidy III w/perm. by* [signature]
LESLIE D. CASSIDY, III
Attorney-in-Charge for Petitioner
State Bar No. 03979270
Federal Identification No. 5931

**WOOLSEY & CASSIDY, P.C.**
1020 Bank of America
500 North Water Street
Corpus Christi, Texas 78471
Telephone: (361) 887-2965
Fax: (361) 887-6521

OF COUNSEL:

**WOOLSEY & CASSIDY, P.C.**
1020 Bank of America
500 North Water Street
Corpus Christi, Texas 78471
Telephone: (361) 887-2965
Fax: (361) 887-6521

**GLENN G. GOODIER**
State Bar No. 06130
Jones, Walker, Waechter,
  Poitevent, Carrere & Denegre, L.L.P.
201 St. Charles Avenue - 48th Floor
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8174

N0835613.1

7